**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL BACH, et al.,

        Plaintiffs,

v.

JOHN MCGINTY, et al.,

        Defendants.

Civil Action No. 12-5853 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This memorandum opinion resolves two pending motions before the Court. The first motion is Defendant John McGinty's motion to dismiss (ECF No. 22), which Plaintiffs have opposed (ECF No. 31).[1] The second motion is Plaintiffs Daniel and Carol Bach's motion for an extension of time to file a motion for summary judgment (ECF No. 27). At the direction of the Court, Plaintiffs have requested an extension to file for summary judgment, as they failed to file their motion for summary judgment by the Court's August 25, 2014 deadline.[2] Defendant has opposed Plaintiffs' request for an extension on several bases, including that the motion for an extension itself was filed outside of the timeframe imposed by the Court. (ECF No. 34.)

---

[1] Plaintiffs' opposition was filed on the motion's return date; however, Plaintiffs simultaneously moved for an extension (ECF No. 32), which was granted (ECF No. 37).

[2] This request for an extension comes after Plaintiffs' counsel missed multiple deadlines for the filing of dispositive motions and multiple extensions of same. The August 25th deadline at issue is in fact the third "deadline" for Plaintiffs' dispositive motion.

## I.      **Procedural History**

This action, originally filed in state court, involves a dispute over the parties' relative financial responsibility for the sinking of a boat off the coast of Florida. The case was removed from state court in September 2012 based on this Court's admiralty jurisdiction.[3] Following the completion of fact discovery, the parties requested leave to file dispositive motions, and the Court set a corresponding deadline of August 8, 2014, by which the parties should file any dispositive motions. (ECF No. 21.) Plaintiffs requested an extension of that deadline, to August 18, 2014, which the Court granted. (ECF No. 23.) Plaintiffs, however, missed the extended deadline by one day and submitted their motion for summary judgment, albeit with missing pages, on August 19. (ECF No. 24.) As a result, the Court dismissed that motion without prejudice, instructed Plaintiffs to refile a complete set of motion papers by a certain date, and set a deadline of September 8, 2014, by which Plaintiffs must move for an extension pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). (ECF No. 26.) Plaintiffs submitted their summary judgment motion as directed; however, their motion for an extension was filed one day late, on September 9, 2014. (ECF No. 28.)

Meanwhile, Defendant filed his motion to dismiss on August 10, 2014.[4] Plaintiffs filed opposition (ECF No. 31), albeit late, along with a motion for an extension to file opposition (ECF

---

[3] This Court indeed possesses maritime jurisdiction over the matter. *See* 28 U.S.C. § 1333(1); *E. River S.S. Corp. v. Delaval Turbine, Inc.*, 752 F.2d 903, 906 (3d Cir. 1985).

[4] The Court notes that Defendant's motion was also filed outside of the deadline for dispositive motions set by the Court. Curiously, Plaintiff has not objected to the late filing, and the Court has not had the opportunity to address it. The Court also notes that the Certification of Service, filed with the motion by counsel for Defendant, states as follows: "On August 8, 2014, I filed with the Court defendant's [moving papers]." (ECF No. 22-4.) This statement is inconsistent with the date and time stamp from the Court's ECF filing system, which indicates that the motion was filed on Sunday, August 10, 2014, at 7:11 am, using counsel's ECF login information. The Court is troubled by this inconsistency. Nevertheless, with regard to the motion's timeliness, Plaintiffs

2

No. 32), which the Court granted (ECF No. 37). Of importance to the merits of Defendant's motion, a related matter was also filed with this Court. In addition to suing Defendant, Plaintiffs brought suit against the insurer of the boat in question, which was also removed to this Court ("Coverage Action"). *See Bach v. Ace Am. Ins. Co.*, 12-2518. That case was dismissed as settled. (12- 2518, ECF No. 16.)

II. <u>**Discussion**</u>

    A. **Defendant's Motion to Dismiss**

Defendant moves to dismiss the complaint for failure to state a claim on the grounds that New Jersey's entire controversy doctrine bars Plaintiffs' claims. More specifically, Defendant asserts that this matter should be dismissed because Plaintiffs should have brought suit against Defendant in the Coverage Action. "Under the entire controversy doctrine, a party cannot withhold part of a controversy for separate later litigation even when the withheld component is a separate and independently cognizable cause of action." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999) (citing *DiTrolio v. Antiles*, 142 N.J. 253 (1995)). Defendant contends that the Coverage Action concerns the same set of facts and, as a result, the entire controversy doctrine bars the maintenance of this action.

Defendant's motion fails for several reasons. For one, the entire controversy doctrine, an affirmative defense, may only be applied on a Rule 12(b)(6) motion, such as Defendant's, if it is "apparent on the face of the complaint." *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Here, Plaintiffs' complaint makes no reference to the Coverage Action or any action taken, and as a result, the defense is not apparent based solely on the allegations in the

---

were granted an extension of the deadline for dispositive motions, and out of fairness, Defendant is entitled to a similar extension.

complaint. In addition, a second basis for denying Defendant's motion exists. The entire controversy doctrine will preclude claims brought in federal court only if the preclusive judgment came from a New Jersey court, and thus the federal court is applying New Jersey's law of preclusion, e.g., the entire controversy doctrine. *Agusta*, 178 F.3d at 145. Here, the "judgment"[5] Defendant invokes came from federal court. As a result, New Jersey's preclusion doctrine is inapplicable.[6] Last, Defendant has not plead any preclusion doctrine as an affirmative defense in his responsive pleading. *Id.* at 137 ("The entire controversy doctrine is an affirmative defense, waived if not pleaded or otherwise timely raised."). Accordingly, for these reasons, Defendant's motion fails.

B.  **Plaintiffs' Motion for an Extension**

As discussed, Plaintiffs have moved, out of time, for an extension to file their summary judgment motion outside the deadline set by the Court. By order dated August 22, 2014, the Court directed Plaintiffs to file a formal motion, by September 8, 2014, to extend time to file their motion for summary judgment. (ECF No. 26.) Plaintiffs failed to do so. Rather, Plaintiffs filed a motion for extension one day late, on September 9, 2014. (ECF No. 28.)

Standing alone, Plaintiffs' failure to file their extension motion on time warrants its denial. The Court's August 22, 2014 Order stated that "Plaintiffs must file a motion . . . pursuant to Rule 6(b)(1)(B) no later than **September 8, 2014**, if Plaintiffs would like the Court to consider their motion for summary judgment. **No extension will be granted absent extraordinary circumstances.**" (ECF No. 26 (emphasis in original).) Plaintiffs' motion papers do not at any

---

[5] As noted, the Coverage Action was dismissed after the parties settled.

[6] Rather, federal preclusion law is applicable. To the extent Defendant's motion can be construed to invoke the doctrine of res judicata, that doctrine is also inapplicable: the Coverage Action did not result in a judgment on the merits. *See Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985).

point address the lateness of the extension motion, much less establish the existence of extraordinary circumstances. For this reason alone, Plaintiffs' motion should be denied.

Other additional grounds, however, support the motion's denial. Plaintiffs have failed to make a showing of excusable neglect with respect to their late-filed summary judgment motion. Under Rule 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The factors to be considered in making a determination of excusable neglect are set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

> Under *Pioneer*, the excusable neglect inquiry must consider "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Drippe v. Tobelinksi*, 604 F.3d 778, 785 (3d Cir. 2010) (alteration in original) (quoting *Pioneer*, 507 U.S. at 395). Here, counsel for Plaintiffs identifies, as the cause of the summary judgment motion's lateness, the complexities of the issues presented in this case, a busy summer work schedule, difficulty coordinating the receipt of an expert's certification, and various technical difficulties filing the motion. These sorts of challenges are ordinary, run-of-the-mill types of issues facing legal practitioners. Furthermore, counsel's continued lateness in the face of successive extensions has monopolized the Court's attention in this matter. In comparison to the triviality of the issues faced by counsel, Defendant is prejudiced by being unable to rely on deadlines or schedules set by the Court. Unfortunately for Plaintiffs, a client cannot be excused for the lateness of counsel—clients must "be held accountable for the acts and omissions of their chosen counsel." *Pioneer*, 507 U.S. at 397.

Moreover, even if the Court were to grant Plaintiffs' motion for an extension, the summary judgment papers filed by Plaintiffs are deficient. Plaintiffs have not submitted a statement of undisputed material facts, as required by Local Civil Rule 56.1; failure to provide such a statement would support the motion's denial. L. Civ. R. 56.1(a) ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.").

### III.  Conclusion

For the above reasons, Defendant's motion to dismiss is denied, and Plaintiffs' motion for an extension to move for summary judgment is denied. An order reflecting this decision will follow.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2015